UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. VICTOR IRVIN CARTER                                    Docket Number: 09-cr-00299-JLK-01

**Supplemental Petition on Supervised Release**

COMES NOW, Robert Haberman, probation officer of the court presenting an official report upon the conduct and attitude of Victor Irvin Carter who was placed on supervision by the Honorable Gerald Bruce Lee sitting in the court at Alexandria, Virginia, on the 15th day of September, 2005, who fixed the period of supervision at five (5) years, commencing March 6, 2009, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant must participate in, and successfully complete, a program of substance abuse testing and rehabilitation, as directed by the probation officer.

2. The defendant must pay child support as ordered by any social service agency.

**On July 6, 2009, due to the defendant's use of marijuana, jurisdiction was transferred from the Eastern District of Virginia to the District of Colorado, and the case was assigned to Your Honor.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that this petition supplement the original petition which was filed with the Court on September 2, 2009.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 14th day of September, 2009, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Robert Haberman |
| *s/John L. Kane* | Robert Haberman<br>United States Probation Officer |
| John L. Kane<br>Senior United States District Judge | Place: Colorado Springs, Colorado<br><br>Date: September 11, 2009 |

**ATTACHMENT**

On March 11, 2009, the conditions of supervised release were read and explained to the defendant. On that date, the defendant acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them.

The defendant has committed the following violations of supervised release:

### 7.  FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED:

On or about September 4, 2009, the defendant was directed to report to the probation officer at 1:00 p.m. on September 4, 2009, and he failed to so report, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On the morning of September 4, 2009, the defendant was instructed to report to the probation office at 1:00 p.m. The defendant advised that he would report; however, he failed to do so. I contacted the defendant at 1:45 p.m., and he advised that he had volunteered at his daughter's school and was now on the way to the probation office. Due to the uncertainty of when he would arrive, I called the defendant back and rescheduled his appointment for September 8, 2009, at 9:00 a.m.

### 8.  MAKING FALSE STATEMENTS TO THE PROBATION OFFICER:

On or about September 4, 2009, the defendant made a false statement to the probation officer, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 4, 2009, at 1:45 p.m., the defendant was called to see why he had failed to report to the probation office at 1:00 p.m. The defendant informed me that he had volunteered at his daughter's school and he was running late.

On September 9, 2009, I met with school staff at Remington Elementary to verify that the defendant had volunteered at the school on September 4, 2009. After reviewing the Visitor Log and speaking with Ms. Jodi Price, the defendant's daughter's first grade teacher, I discovered that the defendant had not volunteered as he had stated. Therefore, the defendant's statement to me was false.